UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FRANK BRAMANTE and** | § | |
| **SALVATORE BRAMANTE,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| **DOUGLAS A. MCCLAIN, SR.,** | § | |
| **DOUGLAS A. MCCLAIN, JR.,** | § | SA-06-CA-0010 OG (NN) |
| **SW ARGYLL INVESTMENTS, LLC,** | § | |
| **YELLOW JACKET MANAGEMENT** | § | |
| **COMPANY,** | § | |
| **ARGYLL EQUITIES, LLC,** | § | |
| **F.I.T. MANAGEMENT, LLC a/k/a** | § | |
| **F.I.T. MANAGEMENT GROUP, LLC,** | § | |
| **F.I.T. HOLDINGS, LTD.,** | § | |
| **B.V.I. OFFSHORE FUND,** | § | |
| **THE FIT GROUP, INC.,** | § | |
| **THE ARGYLL GROUP, LLC,** | § | |
| **F.I.T. EQUITIES, LLC,** | § | |
| **F.I.T. INVESTMENTS, LLC,** | § | |
| **F.I.T. CAPITAL, LLC,** | § | |
| **ARGYLL MANAGEMENT, LLC,** | § | |
| **ARGYLL ENERGY, LLC,** | § | |
| **ARGYLL INVESTMENT, LLC,** | § | |
| **THE F.I.T. GROUP, a Texas Limited** | § | |
| **Liability Company,** | § | |
| **ARGYLL BIOTECHNOLOGIES, LLC,** | § | |
| **and DEBRA A. MCCLAIN,** | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| **FIRST LONDON n/k/a** | § | |
| **FIRST SOUTHWEST COMPANY,** | § | |
| | § | |
| Trustee. | § | |

**ORDER GRANTING MOTION TO COMPEL PRODUCTION AND DENYING
REQUEST FOR SANCTIONS (DOCKET ENTRY 171)**

1

The matter before the Court is plaintiffs' motion to compel defendant Douglas McClain, Sr. to produce documents (docket entry 171). Plaintiffs' motion concerns their first and second production request directed sometime late last year to one of the defendants in this case. Defendant responded to the production in late November indicating that he would produce some of the documents (requests 6, 10, 12 and 21). Plaintiffs argue that defendant has not done so. Plaintiffs also ask the Court to compel production of those documents requested in items 3, 7, 9, 16, 18, 19, and 20, overruling defendant's objection. Defendant has advanced various arguments in his response to the motion to oppose that request.

Plaintiffs' motion is made pursuant to Federal Rule of Civil Procedure 37. Having reviewed the arguments of counsel, I GRANT the motion to compel. To the extent defendant argues that other defendants have produced the documents in question, that representation appears to be incorrect. Defendant, who is acting pro se, argues that to the extent plaintiffs have not received certain documents from others, that is because plaintiffs unreasonably backed out of an agreement with the other defendants involving the production of documents. Defendant argues that plaintiffs should not be able to acquire documents from him if they acted unreasonably with respect to the others.

Regardless of whether plaintiffs acted unreasonably with respect to the details of production from the *other* defendants, *this* defendant has not produced documents requested of him.[1] Nor has he shown that plaintiffs have indeed received the requested documents from others, so as to make the request directed to him unreasonable and improperly cumulative. Plaintiffs argue that they have

---

[1] In his response defendant represents that he turned over 8 bankers boxes of documents to plaintiffs and that this is evidenced in Exhibit A to his response. I have reviewed the numerous letters marked "A" attached to defendant's response and none of them were authored by this defendant nor do they indicate that they are sent on this defendant's behalf.

not otherwise received these documents from others. Accordingly, plaintiffs are entitled to the documents from this defendant.

Defendant also argues that document request 19 is overbroad. That request seeks documents relating to defendant's investments in any companies or business entities, public or private. Through their complaint, plaintiffs claim that defendant fraudulently transferred assets to avoid collection of a $4.5 million dollar judgment obtained against him in another court in 2005. That judgment remains unsatisfied. Defendant's assets, including his investment portfolio, are relevant to the claims presented here.

Additionally, defendant raises various objections to plaintiffs' motion which involve his pro se status. Those objections are overruled. Defendant has chosen to represent himself in this matter; a decision which may place burdens on him personally which are normally shouldered by retained counsel. Among those burdens is a responsibility to timely respond to discovery and court orders, and to keep the court and the parties advised of a valid address. Defendant's responses to the production requests were submitted prior to the date plaintiffs sent the undeliverable letter to him in late November. Defendant's failure to receive that letter is irrelevant to his obligation to respond to these discovery requests. Defendant is advised that the Court will presume that correspondence as well as the orders of this Court have been delivered to him at the address that he has provided.

Defendant argues that the Court should strike plaintiffs' motion in that it does not contain the required certificate of conference. Defendant is correct that the certificate was omitted and that I have authority to disregard the motion to compel as a result. However, the November 29 and December 19, 2006 letters evidence an intention to avoid court involvement in this dispute. Defendant did not respond to those letters. The matter is ripe for court intervention.

Accordingly, for the above reasons the defendant's objections are overruled in their entirety

3

and the motion to compel is GRANTED. Defendant is ORDERED to produce all documents requested within his custody, control and possession within 15 days of date of this Order. He is reminded that if he has the legal right or practical ability to obtain documents from another entity, he has "control" of those documents within the meaning of the rules and he must produce the requested documents. If he does not have documents within his custody, control or possession responsive to any of the requests, then he is ordered to affirmatively state.

    At this time, the plaintiffs' motion for sanctions is DENIED.

    It is so ORDERED.

    **SIGNED** on January 16, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE