UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK BRAMANTE and<br>SALVATORE BRAMANTE,<br><br>    Plaintiffs,<br>v.<br><br>DOUGLAS A. MCCLAIN, SR.,<br>DOUGLAS A. MCCLAIN, JR.,<br>SW ARGYLL INVESTMENTS, LLC,<br>YELLOW JACKET MANAGEMENT<br> COMPANY,<br>F.I.T. MANAGEMENT, LLC a/k/a<br>F.I.T. MANAGEMENT GROUP, LLC,<br>F.I.T. HOLDINGS, LTD.,<br>B.V.I. OFFSHORE FUND,<br>THE FIT GROUP, INC.,<br>THE ARGYLL GROUP, LLC,<br>F.I.T. EQUITIES, LLC,<br>F.I.T. INVESTMENTS, LLC,<br>F.I.T. CAPITAL, LLC,<br>ARGYLL MANAGEMENT, LLC,<br>ARGYLL CAPITAL, LLC,<br>ARGYLL ENERGY, LLC,<br>ARGYLL INVESTMENT, LLC,<br>THE F.I.T. GROUP, a Texas Limited<br> Liability Company,<br>ARGYLL BIOTECHNOLOGIES, LLC,<br>ARGYLL EQUITIES, LLC,<br>and DEBRA A. MCCLAIN,<br><br>    Defendants,<br><br>and<br><br>FIRST LONDON n/k/a<br>FIRST SOUTHWEST COMPANY,<br><br>    Trustee. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br><br>SA-06-CA-0010 OG (NN) |

1

## MEMORANDUM AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. Orlando Garcia
      United States District Judge

     The matter before the Court is the motion to intervene filed by Core Funding Group, L.P., to which defendants and plaintiffs have filed an opposition (docket entries 274, 275, 277). Movant has also filed a reply (docket entry 284). I heard arguments of counsel on the motion on April 16, 2007 after which I orally denied the motion. After the hearing I determined that the denial of the motion to intervene was equivalent to involuntary dismissal. Accordingly, consistent with 28 U.S.C. §636(b)(1)(A), I withdraw my oral ruling and enter this recommendation concerning the motion.

     By its motion Core Funding requests that it be permitted to intervene in this proceeding pursuant to Federal Rule of Civil Procedure 24. Movant explains that it loaned money to plaintiffs' prior attorney, Glenn H. Haase; that plaintiffs agreed to pay a contingency fee to Haase for his representation in the underlying Massachusetts case that eventually resulted in a $4.5 million judgment against defendant McClain, Sr.; that the unpaid fee is collateral for its loan to Haase; and that intervention is necessary in order to protect its right to repayment of the outstanding loan balance.

     Plaintiffs oppose the request to intervene, arguing that Core Funding has no interest in this lawsuit because Haase previously assigned his right to fees in the underlying lawsuit to plaintiffs' current attorney. Both plaintiffs and defendants argue that intervention would inject a whole new lawsuit into this already complicated case.

Rule 24(a)(2) requires four conditions be satisfied for intervention as a matter of right: (1) timeliness; (2) the movant's interest in the property or transaction that is the subject matter of the action;(3) the movant's situation such that, without intervention, the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) inadequacy of protection of the movant's interest by the existing parties.

Rule 24(b)(2) authorizes permissive intervention and permits intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  In the Fifth Circuit, permissive intervention is a two-stage process.  "First, the district court must decide whether 'the applicant's claim or defense and the main action have a question of law or fact in common.'  If this threshold requirement is met, the district court must exercise its discretion in deciding whether intervention should be allowed."[1]  In exercising its discretion Rule 24(b)(2) directs that the court "consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Here, movant has not shown that its interest will be impaired if it is denied the opportunity to intervene.  In support of its motion Core Funding argues that plaintiffs' current attorney may settle this case in a way that could extinguish its recovery of Haase's account receivables.  While that may be theoretically possible, this Court has observed the dogged persistence of plaintiffs in this case in tracking evidence of perceived wrongdoing by defendants and their vigorous advocacy of any viable legal theory of recovery.  Plaintiffs' interests in maximizing recovery converge with those of movant; plaintiffs' zealous prosecution of their

---

[1] **Stallworth v. Monsanto Co.**, 558 F.2d 257,269 (5th Cir. 1977) (quoting Fed. R. Civ. P. 24(b)(2)).

claims inure to movant's benefit.

Additionally, movant's claims do not share common fact or legal issues with the Bramantes' fraudulent transfer and alter ego claims asserted against McClain and the other defendants. Intervention would inject additional legal and factual issues which would undoubtedly delay resolution of the plaintiffs claims. This Court should not exercise its discretion to allow intervention in this case.

Accordingly, I recommend the motion to intervene be denied.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[2] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo*

---

[2] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

determination by the District Court.[3]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[4]

     **SIGNED** on April 17, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3]**Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc**., 200 F.3d 335, 340 (5th Cir. 2000).

[4]**Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).