UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK BRAMANTE and SALVATORE BRAMANTE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DOUGLAS A. MCCLAIN, SR., | § | |
| DOUGLAS A. MCCLAIN, JR., | § | SA-06-CA-0010 OG (NN) |
| SW ARGYLL INVESTMENTS, LLC, | § | |
| YELLOW JACKET MANAGEMENT COMPANY, | § § | |
| F.I.T. MANAGEMENT, LLC a/k/a | § | |
| F.I.T. MANAGEMENT GROUP, LLC, | § | |
| F.I.T. HOLDINGS, LTD., | § | |
| B.V.I. OFFSHORE FUND, | § | |
| THE FIT GROUP, INC., | § | |
| THE ARGYLL GROUP, LLC, | § | |
| F.I.T. EQUITIES, LLC, | § | |
| F.I.T. INVESTMENTS, LLC, | § | |
| F.I.T. CAPITAL, LLC, | § | |
| ARGYLL MANAGEMENT, LLC, | § | |
| ARGYLL CAPITAL, LLC, | § | |
| ARGYLL ENERGY, LLC, | § | |
| ARGYLL INVESTMENT, LLC, | § | |
| THE F.I.T. GROUP, a Texas Limited Liability Company, | § § | |
| ARGYLL BIOTECHNOLOGIES, LLC, | § | |
| ARGYLL EQUITIES, LLC, | § | |
| PADMORE HOLDINGS, LTD., | § | |
| and DEBRA A. MCCLAIN, | § § | |
| Defendants, | § § | |
| and | § § | |
| FIRST SOUTHWEST COMPANY, | § § | |
| Trustee. | § | |

1

## ORDER DENYING MOTION TO RESTORE TRIAL SETTING

The matter before the Court is the parties' joint motion to restore trial setting and dismiss certain defendants (docket entry 361). The motion must be denied for the following reasons.

In their motion the parties recite that defendant F.I.T. Management Group, LLC is also known as F.I.T. Holdings, Ltd., The F.I.T. Group, Inc., F.I.T. Equities, LLC, F.I.T. Investments, LLC and F.I.T. Capital, and explain that the consent filed by F.I.T. Management Group, LLC is effective as to them. However, the controlling authorities direct that the waiver by a party of their right to proceed before a United States District Judge and consent to proceed before the Magistrate Judge must be "clear, unequivocal and unambiguous."[1] Plaintiffs have named the various F.I.T. entities as separate party-defendants. All of the F.I.T. entities remain listed as defendants in the most recent complaint. Without a separate consent executed as to each of the F.I.T. defendants the undersigned cannot be assigned authority under 28 U.S.C. §636(c) to conduct trial proceedings in this case.

Further, the motion to restore trial setting also contains an attempted stipulated dismissal as to The F.I.T. Group, a Texas Limited Liability Co., BVI Offshore Fund, Padmore Holdings, Ltd., and Argyll Investments, LLC. Federal Rule of Civil Procedure 41(a)(1) requires the stipulation to be signed by all parties who have appeared in the action. The signature portion of docket entry 361 does not list all the parties which each of the attorneys represent, omits some parties, and is signed on behalf of a defendant by an attorney who does not represent that particular party defendant. Accordingly, docket entry 361 is not an effective stipulation of dismissal as to these four party defendants and these defendants have not consented to the civil jurisdiction of the Magistrate Judge

---

[1] **New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.**, 996 F.2d 21, 24 (2nd Cir. 1993).

pursuant to section 636(c).

Finally, review of the record in this case has revealed an additional "party" which has not formally consented to the jurisdiction of the Magistrate Judge. Trustee, First Southwest Company, was served while this case was pending in state court in Massachusetts.[2] It does not appear that an answer was filed on its behalf or that First Southwest entered an appearance before that Court, the federal court in Massachusetts or here in the Western District of Texas. However, First Southwest has consistently been listed in the caption of the complaint as a party-trustee and also listed in the "Parties" section of each amended complaint. First Southwest does not appear to have filed a consent. Without the consent of trustee First Southwest Company, the District Judge cannot refer the case to the undersigned for trial and further proceedings pursuant to 28 U.S.C. § 636(c), and the undersigned cannot restore the trial setting for October 29, 2007.

For the foregoing reasons, it is ORDERED that the motion to restore trial setting is DENIED.

**SIGNED** on September 13, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2] The state court records of this proceeding are found at docket entry 16 of District of Massachusetts, Cause No. 05-12017. Within those records, docket entry 22, from September 13, 2005, reflect service returned for First Southwest.

3